# United States District Court
## Eastern District of North Carolina

FILED

MAY 2 8 2025

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**plaintiff**

Jose rodriquez
804 sheridan ct
Fuquay varina, nc 27526
919-524-8647
mmjanitorial@fastmail.com

**case No.** 5:25-CV-00284-Bo

**V.**

**Defendant's**

City of Fuquay Varina
Fuquay varina police department
Chief of police brandon medina
Officer Mathew McCullen ID# 1285
Officer Bryce Roesti ID#1185
Officer Alexandra Rench ID# 1039
Individuals in their officials and personal capacities

# Jurisdiction and venue

Here comes the plaintiff proceeding pro se and asserting jurisdiction upon this court according to 42 U.S.C. 1983 and 1985, NC Tort law, and NC constitution. Jurisdiction is proper under 28 USC 1331 and 1343, the venue is proper in this district under 28 USC 1391

# Statement of claim

On 5/4/2024 Officer Matthew McCullen, Bryce Roesti, and Officer Alexandra Rench came to the plaintiff's home knocking on the front door with insistence, The plaintiff opened the door always remaining inside the frame of the door and asked the officers what they wanted and police proceed to state that they wanted to talk to plaintiff regarding a complaint by plaintiff granddaughter. The plaintiff asked the officers if they had a warrant or if the plaintiff was detained, and the officers proceeded to state that they did not, The plaintiff told the officers that he did not want to speak to them and that they should remove themselves from the plaintiff's property as if they did not have a warrant and were trespassing. Officers started to argue with the plaintiff and after a few minutes, officers reached and grabbed the plaintiff from inside the home by entering with force into the plaintiff's house, picking up the plaintiff throwing him on the floor of the home, and jumping on him for five minutes while putting handcuffs on the plaintiff. The plaintiff was arrested and charged with assault on a female and resisting a public officer, after about 16 hours, the plaintiff was released on bail. Case No. 24CR299168-910
On 7/31/2024, the plaintiff went to court in front of the judge and defended himself pro se, under cross-examination. Officer Matthew McCullen admitted that the plaintiff was

not detained and that they did not have the warrant to make an arrest. The plaintiff also properly defended himself from the assault charge. The judge determined that the plaintiff was not guilty of any charges and that officers acted maliciously, dismissing all charges against the plaintiff.

## Constitutional violation and legal standing

The plaintiff hereby asserts that the Fuquay Varina police department, officers, and city acted illegally by entering the plaintiff's home without a warrant and arresting him without cause thus The plaintiff is claiming failure to train officers on the law, illegal entry, false arrest, assault, and kidnapping. By the Supreme Court ruling 4th Amendment, 14th Amendment, 4th Amendment, 5th amendment and 6th Amendment had already been established as the plaintiff's constitutional protected rights that have already been adjudicated.

# 1. Illegal Entry (4th Amendment Violation – Unlawful Search/Seizure)

- Officers entered my home without a warrant, consent, or exigent circumstances, violating the Fourth Amendment and Article I, § 20 of the NC Constitution.
    - No warrant was presented, and no valid exception (e.g., hot pursuit, imminent danger) justified warrantless entry. Payton v. New York (1981)
    - NC courts have ruled that warrantless home entries are presumptively unconstitutional (*State v. Grice*, 367 N.C. 753 (2015)).

# 2. False Arrest (14th Amendment – Due Process Violation)

- All charges against the plaintiff were dismissed (*Manning v. Town of Pineville*, 2019 WL 1254663 (W.D.N.C.)). (**see attached**)
- NC recognizes false arrest claims where confinement is unlawful (*Myrick v. Cooley*, 91 N.C. App. 209 (1988)).
- The arrest lacked probable cause, violating Fourth Amendment protections against unreasonable seizures and NC common law on false imprisonment.
- Arresting officers failed to articulate a valid crime or basis for detention. *Manuel v. City of Joliet* (2017) (wrongful pretrial detention violates Fourth Amendment).
- *District of Columbia v. Wesby* (2018) (probable cause must be particularized).

# 3. Assault & Excessive Force (State & Federal Claims)

Officers used unreasonable force, violating the Fourteenth Amendment and NC tort law (assault/battery).

- The force was disproportionate to the situation (e.g., no threat posed, compliant suspect).
- NC law allows civil suits for police assault (*Graham v. Connor* (federal) + *State v. Branch* (state) standards apply). Assault under color of law NCGS 14-33-2
- Medical records and bodycam footage will show injuries inconsistent with police reports.

# 4. Defendant is not entitled to qualify immunity

- because on 05/04/2024 defendant's conduct violated established constitutional rights.

- defendants Matthew mcCullun, Alexandra Wrench, and Bryce Roesti picked up the plaintiff and threw him on the floor jumping on top of him with a total approximate weight of 650 pounds, and the plaintiff weighed 145 pounds causing the plaintiff injury when the plaintiff presented no threat to the officers *Tennessee v. Garner* (1985), *Graham*

*v. Connor* (1989) defendants should be held accountable as they were acting under the color of law.

## 5. Municipal Liability (Under 42 U.S.C. § 1983)

- The city/county is liable for failing to train or discipline officers, enabling a pattern of misconduct.

# 6. Injury to plaintiff

. Three months before this incident plaintiff had a lower back reconstruction surgery by lying on top of him for five minutes caused a separation of the implant creating a compression on a disk, which caused incredible pain and months of recuperation (**see attached**)

## Remedies

## 1. Monetary Damages

- Compensatory Damages:
  - These should cover tangible losses such as medical expenses for injuries sustained from the assault, lost wages, and costs related to the unlawful arrest for $1.5 million dollars

- o damages for emotional distress caused by the incident (to be determined)
- Punitive Damages:
  - o If the court determined that the officers acted with malice or in reckless disregard for my rights, the court should issue punitive damages to deter future misconduct.
  - o

## 2. Declaratory Relief

- The court should issue a judgment that clarifies the rights of the plaintiff.

## 3. Injunctive Relief

- Plaintiff requests an injunction to prevent future violations by the police department, such as a requirement for revised training protocols, policies, or procedures related to lawful arrest and use of force.

## 4. Policy Changes

- Requesting changes to departmental policies or increased training for officers on lawful search and seizure, proper arrest procedures, and de-escalation techniques can address systemic issues.

## 5. Public Accountability

- Plaintiff requests a formal apology from the police department as a form of recognition of the wrongdoing.
- Additionally, advocating for public reports on police conduct or regular oversight can help hold officers accountable.

## Summary of Violations

On 5/4/2024, the officers of the city of Fuquay Varina illegally entered my home without a warrant, consent, or exigent circumstances, violating my Fourth Amendment rights. This unlawful entry not only breached my privacy but set in motion events that led to a false arrest and unwarranted physical assault.

# 2. Lack of Probable Cause

Following the illegal entry, I was arrested without probable cause. The absence of valid charges, highlighted by their subsequent dismissal, confirms that this arrest was not rooted in any legitimate law enforcement interest but rather in an abuse of power. The actions of the officers demonstrate a clear deviation from established protocols and a disregard for my rights.(**see attached case disposition**)

# 3. Excessive Force and Assault

As a direct consequence of this unlawful arrest, I suffered physical injuries due to the excessive force applied by the officers. The evidence that will be presented—medical records detailing my injuries, witness testimonies, and bodycam footage—clearly illustrates that the force used was not only unnecessary but also unjustifiable. This assault had profound emotional and physical impacts on my well-being.

## 4. The Duty of Care

Law enforcement officers are given significant authority and responsibility to uphold the law, but with that authority comes an obligation to exercise restraint, professionalism, and respect for citizens' rights. In this case, the officers failed in that duty. Their actions were reckless, and they reflect a pattern of behavior that must be addressed to prevent future violations.

## 5. Seeking Justice and Accountability

Today, I seek not only compensation for the damages I have endured but also recognition of the need for accountability within the police department. The public deserves to know that officers who violate the rights of citizens will face consequences for their actions. I urge you, Your Honor, to consider the broader implications of this case and the message it sends regarding the treatment of individuals by those sworn to protect and serve.

## Conclusion

In conclusion, the evidence that will be gathered during discovery overwhelmingly will support my claims of illegal entry, false arrest, and assault. I respectfully request that you rule in my favor, hold the responsible parties accountable, and grant the remedies requested in my complaint. Justice requires that we acknowledge the wrongs committed and take steps to ensure they do not happen again.

Thank you for your time and consideration.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

**Plaintiff mailing address**
Jose rodriquez
804 sheridan ct
Fuquay varina, nc 27526
mmjanitorial@fastmail.com
919-524-8647

**defendant's mailing address**
City of Fuquay varina att:
James s adcock
135 N Main Street
Fuquay varina, nc 27526

Fuquay Varina police
department and officer's
401 Old Honeycutt Rd
Fuquay varina, nc 27526
Mathew McCullen ID# 1285
Alexandra Rench ID# 1039
Bryce Roesti ID# 1185
Brando medina

Date of signing: 5/28/25

Signature of Plaintiff: _____

Printed Name of Plaintiff: Zose nodnigues